IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY D. SORRELL,<br><br>Plaintiff,<br><br>v.<br><br>AURELIOS RP, LLC,<br><br>Defendant. | Case No. 1:23-cv-06033<br><br>Judge Nancy L. Maldonado |

## JOINT INITIAL STATUS REPORT

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

1. **The Nature of the Case**
   a. **Attorneys of Record:**

| | |
|---|---|
| **Alexander Taylor, Esq.**<br>**Mohammed O. Badwan, Esq.**<br>SULAIMAN LAW GROUP LTD.<br>2500 South Highland Ave., Suite 200<br>Lombard, IL 60148<br>(630) 575-8181<br>mbadwan@sulaimanlaw.com<br>ataylor@sulaimanlaw.com<br>*Attorneys for Plaintiff* | **Christopher J. Johnson**<br>Law Offices of Ronald R. Aeschliman<br>20 N. Clark Street, Suite 1200<br>Chicago, IL 60602<br>(414) 218-4515<br>ch6johnson@hanover.com<br>*Attorneys for Defendant* |

   b. **Nature of the Claims**: Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claim.

   This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e

*et seq.* ("Title VII") seeking redress for Defendant's alleged race-based discrimination, race-based harassment, and retaliation under Title VII. Defendant denies all allegations.

   c. **Major Legal and Factual Issues:** Briefly identify the major legal and factual issues in the case.

   i. Whether Plaintiff is a member of a protected class(es);
   ii. Whether Plaintiff was performing at Defendant's legitimate expectations;
   iii. Whether Plaintiff suffered an adverse employment action;
   iv. Whether Defendant treated similarly situated employees outside of Plaintiff's protected class(es) more favorably;
   v. Whether Defendant's decision to terminate Plaintiff's employment was pretextual;
   vi. Whether Defendant's affirmative defenses defeat all or some of Plaintiff's claims.

   d. **Relief:** State the relief sought by any of the parties.

   i. Back pay with interest;
   ii. Payment of interest on all back pay recoverable;
   iii. Front pay;
   iv. Loss of benefits;
   v. Compensatory and punitive damages;
   vi. Reasonable attorneys' fees and costs;
   vii. Award pre-judgment interest if applicable; and
   viii. Award Plaintiff any and all other such relief as the Court deems just and proper.

2. **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff's claims.

   a. **Federal Question Statutes**: Identify all federal statutes on which federal question jurisdiction is based.

Plaintiff alleges that subject matter jurisdiction exists as this lawsuit arises under the laws of the United States, including the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"). The Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331.

    b. **Diversity or Supplemental Jurisdiction**: If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        i. State whether, and if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and if so, the basis of that dispute). No

        ii. Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

        **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012).

        **NOTE 2:** A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

3. **Status of Service**: Identify any defendants that have not been served.

    Defendant waived service.

4. **Consent to Proceed Before a United States Magistrate Judge:** Confirm that counsel have the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

    Plaintiff does not consent to a magistrate judge.

5. **Motions:**

    a. **Pending Motions:** Briefly describe any pending motions.

    There are no motions pending.

    b. **Defendant's Responsive Pleading:** State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion. Defendant has filed its Answer.

6. **Case Plan**

    a. **Proposed Discovery Plan:**

        i. <u>Type of Discovery Needed</u>: the general type of discovery needed; Plaintiff anticipates the need for written and oral discovery.

        ii. <u>Rule 26(a)(1) Initial Disclosures Due</u>: the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made; December 30, 2023

        iii. <u>Date to Issue Written Discovery</u>: First date by which to issue written discovery; January 15, 2024

        iv. <u>Deadline to Complete Fact Discovery</u>:  May 30, 2024

        v. <u>Expert Discovery</u>: an expert discovery completion date, including dates for the delivery of expert reports;  July 30, 2024

        vi. <u>Deadline to File Dispositive Motions</u>: a date for the filing of dispositive motions.  July 1, 2024

    b. **Trial:**

        i. <u>Jury Demand:</u> indicate whether a jury trial is requested; Yes

        ii. <u>Length of Trial:</u> the probable length of trial. 4 to 5 days

7. **Settlement**

    a. **Settlement Discussions:** State whether any settlement discussions have occurred.

    N/A

    b. **Status:** Describe the status of any settlement discussions.

    N/A

    c. **Settlement Conference:** State whether the parties request a settlement conference.

    No

Respectfully submitted,

| | |
|---|---|
| */s/Mohammed Badwan, Esq.* | */s/ Christopher J. Johnson* |
| **Alexander Taylor, Esq.** | **Christopher J. Johnson** |
| **Mohammed O. Badwan, Esq.** | Law Offices of Ronald R. Aeschliman |
| SULAIMAN LAW GROUP LTD. | 20 N. Clark Street, Suite 1200 |
| 2500 South Highland Ave., Suite 200 | Chicago, IL 60602 |
| Lombard, IL 60148 | (414) 218-4515 |
| (630) 575-8181 | ch6johnson@hanover.com |
| mbadwan@sulaimanlaw.com | *Attorneys for Defendant* |
| ataylor@sulaimanlaw.com | |
| *Attorneys for Plaintiff* | |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 7th day of November 2023, a true and correct copy foregoing has been provided electronically via electronic mail and/or via U.S. mail to following:

**Christopher J. Johnson**
Law Offices of Ronald R. Aeschliman
20 N. Clark Street, Suite 1200
Chicago, IL 60602
(414) 218-4515
ch6johnson@hanover.com
*Attorneys for Defendant*

                                                /s/ *Mohammed Badwan*
                                                **MOHAMMED BADWAN, ESQ.**